**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:14-CV-468-RJC-DSC**

| | |
|---|---|
| MARY V. OXLEY, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|       v. | ) |
| | ) |
| SELECT PORTFOLIO SERVICING INC., | ) |
| | ) |
|       **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court following the pro se Plaintiff's failure to respond to the Court's "Order to Show Cause" (document #13) entered November 6, 2014, and Defendant's "Motion to Dismiss" (document #11) filed October 15, 2014.[1]

Plaintiff's response was due on November 3, 2014. On November 6, 2014, in an attempt to give Plaintiff every opportunity to prosecute her claims, the Court entered an "Order to Show Cause" (document #13). The Court ordered that:

> On or before December 6, 2014, the Plaintiff shall **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this lawsuit **WITH PREJUDICE**.

Document #13 at 2. Plaintiff has not responded to the Court's Order nor requested additional time to respond.

---

[1] Chambers records indicate that the Court signed this Memorandum and Recommendation and Order utilizing the electronic signature function (JudgeSign) in December 2014. For some unknown reason, the document was not docketed.

1

A District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the District Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Applying those legal principles, the Court concludes that dismissal for failure to prosecute is the appropriate remedy for Plaintiff's failure to respond to the Court's Order and Defendant's Motion to Dismiss. Given Plaintiff's decision to abandon her claims for all practical purposes, there is no reason to believe that any less severe sanction would be effective.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" (document #11) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

# NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 17, 2015

David S. Cayer
United States Magistrate Judge